## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RICHARD L. HAYES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:13-cv-02590 |
| | ) |
| AMERICAN CREDIT ACCEPTANCE, LLC | ) |
| and FIND TRACK LOCATE, INC., | ) |
| | ) |
| Defendants. | ) |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441 and 1446 and Local Rule 81.1, Defendant American Credit Acceptance, LLC ("ACA") hereby gives notice of the removal of this action to this Court from the District Court of Johnson County, Kansas. The grounds for removal are as follows:

1.      On or about October 16, 2013, an action was commenced by plaintiff against Defendant ACA in the District Court of Johnson County, Kansas entitled <u>Richard L. Hayes vs. American Credit Acceptance, LLC and Find Track Locate, Inc.</u>, Case No. 13CV07298 (the "Action").

2.      Defendant ACA was served on October 17, 2013 by mail, which was received October 18, 2013. Receipt by service of the Petition and Summons was Defendant ACA's first notice of the existence of a pleading containing a claim for relief that could be removed to this Court. Therefore, the thirty days allowed for filing this Notice of Removal under 28 U.S.C. § 1446(b) has not yet expired.

3.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Defendant ACA in this action are attached hereto as Exhibit A.

4.      This Court has original jurisdiction in the above-entitled action pursuant to 28 U.S.C. § 1332(a) in that the amount in controversy exceeds $75,000.00 and is between citizens of different states.

5.      Complete diversity exists between Plaintiff and Defendants. Plaintiff is a resident of Johnson County, Kansas (Petition, ¶ 1). Defendant American Credit Acceptance, LLC is a non-resident, foreign corporation (Petition, ¶ 2) organized in South Carolina. Defendant Find Track Locate, Inc. is a California Corporation (Petition, ¶ 4).

6.      Although Defendant ACA disputes that Plaintiff is in any way entitled to any of the relief Plaintiff seeks in his Petition, Plaintiff's claims for damages and attorney's fees place the amount in controversy in excess of $75,000.00.

7.      Plaintiff's Petition sets forth numerous causes of action under the Kansas Consumer Protection Act, K.S.A. § 50-623 *et. seq*. (the "KCPA").

8.      Pursuant to K.S.A. § 50-363, Plaintiff may recover up to $10,000.00 per violation of the KCPA. See Feil v. MB&A America Bank, 471 F.Supp.2d 1214, 1217 (D. Kan. 2006), citing Dodson v. U-Needa Self Storage, LLC, 32 Kan. App. 2d 1213, 1220, 96 P.3d 667 (2004). In Plaintiff's Petition, Plaintiff asserts that Defendants participated in deceptive acts and practices in violation of K.S.A. § 60-626 including, but not limited to, five separate categories of alleged violations.    (Petition, ¶ 19).    Additionally, Plaintiff alleges in his Petition that Defendants participated in unconscionable acts and practices, including, but not limited to:

        (a)      Contacting Plaintiff's son, Richard W. Hayes', probation officer regarding an alleged debt he does not owe, in violation of K.S.A. § 50-627(a); and

        (b)      Contacting and continuing to contact Plaintiff's wife and son at work regarding a debt they do not owe, in violation of K.S.A. § 50-627(a); and

2

(c)     Threatening to serve Plaintiff's wife and son with a collection lawsuit at work that Plaintiff's wife and son were and are not responsible for, in violation of K.S.A. § 50-627(a); and

(d)     Generally engaging in unconscionable conduct in violation of K.S.A. § 50-627(a).

(Petition, ¶ 20). Plaintiff categorizes the alleged violations in five subparts so there is a potential for more violations depending upon the number of contacts, particularly in light of his specific allegations of defendants' actions of "continuing to contact" family members. (Petition, ¶ 20(b)). Therefore, based upon the Petition, there is a minimum of five violations, which could bring Plaintiff's claimed damages to $50,000.00. Additionally, if there were multiple contacts to Plaintiff, additional violations of the KCPA could be recovered.

9.     In addition to the damages sought pursuant to KCPA, in ¶ 22 of the Petition Plaintiff also seeks "an injunction calculated to curb and prevent Defendants from continuing their practice of violating the Kansas Consumer Protection Act by engaging in the acts and practices set out above." (Petition, ¶ 22).

10.     In determining the amount in controversy, this Court can look not only to the damages pled on the face of the pleading but should also consider the additional amount required to comply with non-monetary relief that is pled.  28 U.S.C. § 1446(c)(2)(A).  In the Tenth Circuit, "the cost of complying with a regulatory scheme is a proper consideration in determining the amount in controversy. …[I]n this an injunction case, the impact on the Defendant, including the cost of the injunction, is a proper element for consideration" in determining the amount in controversy. Oklahoma Retail Grocers Ass'n v. Wal-Mart Stores, Inc., 605 F.2d 1155, 1159-60 (10th Cir. 1979). See also Justice v. Atchison, Topeka and Santa Fe Railway Co., 927 F.2d 507,

3

505 (10th Cir. 1991) ("The amount in controversy may be established by looking at the defendant's cost of complying with the injunction."). ACA's cost of complying with such a broadly-worded injunction as the one Plaintiff seeks will be substantial, possibly requiring 1) contracts to be rewritten, 2) additional policies to researched and established and 3) monitoring systems put in place to assure compliance with the court's mandate to name a few of the potential expenses that may be incurred.

11.     Plaintiff is also claiming costs and attorney's fees (Petition, ¶ 21). A reasonable estimate of attorney's fees may be used for purposes of determining the required jurisdictional amount for purposes of diversity jurisdiction. Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1340 (10th Cir. 1998), citing Missouri State Life Ins. Co. v. Jones, 290 U.S. 19, 202, 78 L.Ed. 267, 54 S. Ct. 133 (1933). While attorney's fees attributable to Plaintiff are unknown and unspecified in the Petition, they do allege legal fees at the rate of $275.00 per hour (Petition, ¶ 21). Therefore, combined with Plaintiff's claims for damages and the cost of compliance with the injunction, the amount in controversy exceeds $75,000.00.

12.     Accordingly, pursuant to 28 U.S.C. § 1441, the action pending in the District Court of Johnson County, Kansas, Civil Department Case No. 13CV07298 is removable to this Court.

13.     Defendant designates Kansas City, Kansas as a place of trial.

14.     Immediately upon filing this Notice of Removal, defendant will file a copy of the Notice with the Clerk of the District Court of Johnson County, Kansas and will provide written notice to Plaintiff, all in accordance with 28 U.S.C. § 1446(d).

15.     Defendant ACA will file its Answer or other responsive pleading in a timely manner pursuant to Fed. R. Civ. P. 81(c).

4

16. As required by Local Rule 81.1, this case will be filed with the record office of the clerk in Kansas City, Kansas.

17. Within 21 days of filing this Notice of Removal, defendant ACA will cause all necessary documents to be filed with the clerk of the court, as required by local Rule 81.2.

18. This action is not an action described in 28 U.S.C. § 1445.

19. Under the provisions of 28 U.S.C. § 1441(b) and other applicable statutes with which defendant ACA is in compliance, this action is removable to the United States District Court for the District of Kansas.

Accordingly, Defendant hereby gives notice of the removal of the above-entitled cause now pending in the District Court of Johnson County, Kansas to this Court.

Respectfully submitted,

**STINSON MORRISON HECKER LLP**

Lawrence W. Bigus, KS #17126
1201 Walnut Street, Suite 2800
Kansas City, Missouri 64106
Phone: 816-842-8600
Fax:   816-691-3495
LBigus@Stinson.com

ATTORNEY FOR DEFENDANT
AMERICAN CREDIT ACCEPTANCE, LLC

5

## CERTIFICATE OF MAILING

I hereby certify that on this 15 day of November, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

A. Scott Waddell KS #20955
Waddell Law Firm, LLC
2029 Wyandotte, Suite 100
Kansas City MO 64108
Telephone:  816-221-2555
Facsimile:  816-221-2508
scott@aswlawfirm.com
Attorneys for Plaintiff

Pamela J. Welch
Franke Schultz & Mullen, P.C.
8900 Ward Parkway
Kansas City, MO 64114
Telephone:  816-421-7100
Facsimilie:  816-421-7915
pwelch@fsmlawfirm.com
Attorney for Defendant
Find Track Locate, Inc.

/s/ Lawrence W. Bigus
Lawrence W. Bigus
Attorney for American Credit Acceptance, LLC

DB04/1003791.0002/9879819.1